UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LAKEISHA WALKER and OTTE ARMSTRONG,

                            Plaintiffs,

          -against-

TOWN OF GREENBURGH, D. JAKASAL, Individually,
E.M. OLSON, Individually, D.A. VALENTINE, Individually,
D.P. OMALLEY, Individually, I. YUAN, Individually,
M.T. PACINO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG, by their attorneys, BRETT

H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert

supplemental state law claims.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff OTTE ARMSTRONG is a twenty-nine-year-old black male residing in White Plains, New York.

7.      Plaintiff LAKIESHA WALKER is a twenty-six-year-old black female residing in White Plains, New York.

8.      Defendant TOWN OF GREENBURGH was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant TOWN OF GREENBURGH maintains the Town of Greenburgh Police Department (hereinafter referred to as "TGPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, TOWN OF GREENBURGH.

10.     That at all times hereinafter mentioned, the individually named defendants D. JAKASAL, A. FERNANDEZ, E.M. OLSON, D.A. VALENTINE, I. YUAN, D.P. OMALLEY, M.T. PACINO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of the TGPD and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or of their respective municipalities.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by their respective municipalities.

## FACTS

13.     On May 3, 2017, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG were lawfully present at 85 South Road in White Plains, New York.

14.     Plaintiff OTTE ARMSTRONG resided at the above location with his parents.

15.     Plaintiff LAKEISHA WALKER, at the time, resided in Ossining, New York, and on the above-mentioned date was visiting her boyfriend OTTE ARMSTRONG.

16.     At approximately 9:30 a.m. on the above-mentioned date, members of the TGPD executed a search warrant for the above premises.

17.     Plaintiffs were not the targets of the search warrant, and despite there being no reasonable basis to believe that they possessed any contraband or had otherwise committed any crime or offense, plaintiffs were nonetheless arrested.

18.     The TGPD defendant officers imprisoned LAKEISHA WALKER and OTTE ARMSTRONG until May 3, 2017, when plaintiffs were arraigned on baseless felony drug possession charges filed in County of Westchester Town Justice Court for the Town of Greenburgh under Docket Numbers 17-50127 and 17-050128, respectively.

19.     Defendants continued plaintiffs' unlawful imprisonments, causing them to be imprisoned at the Westchester County Jail, where they were held until the evening of May 4, 2017, at which time they were released after again seeing a judge.

3

20.     Plaintiffs were both strip searched at the jail and given unwanted vaccinations while in the Westchester County Jail.

21.     At the time of the arrest, including during her unlawful strip search, Ms. Walker was menstruating, which compounded the emotional distress she was experiencing.

22.     The defendants initiated said prosecution without probable cause and with malice.

23.     The defendant officers created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings.  Specifically, defendants falsely informed attorneys with the Westchester County District Attorney's Office that plaintiffs possessed phencyclidine.  These allegations were completely false.

24.     As a result of the defendants' misconduct, plaintiffs were further compelled to return to the Greenburgh Town Court on numerous occasions between May 9, 2017 through the eventual dismissal of all charges against them on or about August 16, 2018.

25.     During the pendency of the prosecutions, on January 23, 2018, plaintiff OTTE ARMSTRONG was offered a Disorderly Conduct disposition in exchange for plaintiff LAKEISHA WALKER being offered a withdrawal of the charge against her.

26.     Plaintiffs rejected the respective offers.

27.     On April 17, 2018, plaintiffs' felony charges were reduced to Criminal Possession of a Controlled Substance in the 7th Degree, A misdemeanors.

28.     The People offered to further reduce the charges against plaintiffs in exchange for a plea to marijuana possession or an adjournment of contemplation of dismissal.

29.     Plaintiffs again declined the offers.

30.     Plaintiffs' attorneys filed motions to dismiss their cases on April 25, 2018.

31.     All charges against plaintiffs were subsequently dismissed and sealed on August

16, 2018.

32.     Defendant officers and/or supervisors, A. FERNANDEZ, E.M. OLSON, D.A. VALENTINE, I. YUAN, D.P. OMALLEY, M.T. PACINO and JOHN and JANE DOE 1 through 10, either directly participated in, and/or failed to intervene in, the illegal conduct described herein.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the defendant TOWN OF GREENBURGH, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

34.     The aforesaid event is not an isolated incident.  The TOWN OF GREENBURGH is aware (from lawsuits, notices of claims, and complaints field with the Internal Affairs Bureau) that the TGPD officers are insufficiently trained on the execution of search warrants and the probable cause required to arrest individuals pursuant thereto, and that they otherwise engage in falsification.

35.     The TOWN OF GREENBURGH is further aware that such improper training has often resulted in a deprivation of civil rights.   Despite such notice, the TOWN OF GREENBURGH has failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiffs' civil rights.

36.     Moreover, upon information and belief, the TOWN OF GREENBURGH was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, the TOWN OF GREENBURGH  has retained these officers, and failed to adequately train and supervise them.

5

37.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG sustained, *inter alia*, emotional distress, embarrassment, humiliation, loss of liberty, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants arrested plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

40.     Defendants caused plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG to be falsely arrested and unlawfully imprisoned.

41.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants initiated, commenced and continued malicious prosecutions against plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG

44.     Defendants caused plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG

to be prosecuted without any probable cause until the charges were dismissed on or about August 16, 2018.

45.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants created false evidence against plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG.

48.     Defendants utilized this false evidence against plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG in legal proceedings.

49.     As a result of defendants' creation and use of false evidence, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The supervisory defendants personally caused plaintiffs' constitutional injuries by participating in the constitutional violations suffered by plaintiffs and by being deliberately or consciously indifferent to the rights of plaintiffs in failing to properly supervise and train their subordinate employees.

53.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The aforementioned customs, policies, usages, practices, procedures and rules of the defendant Police Departments included, but were not limited to arresting citizens without probable cause and then committing perjury and/or falsification and/or manufacturing evidence in an effort to convict such individuals.  In addition, the TOWN OF GREENBURGH engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees in the proper execution of search warrants and in the probable cause required to arrest individuals thereto that was the moving force behind the violation of plaintiffs

8

LAKIESHA WALKER and OTTE ARMSTRONG rights as described herein.  As a result of the failure of the TOWN OF GREENBURGH to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, the TOWN OF GREENBURGH has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.    The foregoing customs, policies, usages, practices, procedures and rules of the TOWN OF GREENBURGH and the TGPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG.

58.    The foregoing customs, policies, usages, practices, procedures and rules of the TOWN OF GREENBURGH  and the TGPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG as alleged herein.

59.    The foregoing customs, policies, usages, practices, procedures and rules of the TOWN OF GREENBURGH and the TGPD were the moving force behind the Constitutional violations suffered by plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG as alleged herein.

60.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the TOWN OF GREENBURGH and the TGPD, plaintiff LAKEISHA WALKER and OTTE ARMSTRONG were unlawfully arrested, maliciously prosecuted, and denied their right to a fair trial.

61.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs LAKEISHA WALKER and OTTE

ARMSTRONG'S constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG of federally protected rights, including, but not limited to, the right:

> A.      To be free from false arrest/unlawful imprisonment; and
>
> B.      To be free from malicious prosecution; and
>
> C.      To be free from denial of their right to fair trial.

63.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with, the TOWN OF GREENBURGH, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66.     The TOWN OF GREENBURGH has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67.     This action was commenced within one (1) year and ninety (90) days after plaintiffs' case dismissal.

68.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

69.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Malicious Prosecution under the laws of the State of New York)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The defendant officers initiated, commenced and continued a malicious prosecution against plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG.

72.     Defendant TOWN OF GREENBURGH, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

73.     Defendants caused plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG to be prosecuted without probable cause until the charges were dismissed on or about August 16, 2018.

74.     As a result of the foregoing, plaintiffs LAKEISHA WALKER and OTTE ARMSTRONG are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs OTTE ARMSTRONG AND LAKEISHA WALKER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       November 14, 2019

>                    BRETT H. KLEIN, ESQ., PLLC
>                    Attorneys for Plaintiffs
>                    305 Broadway, Suite 600
>                    New York, New York 10007
>                    (212) 335-0132
>
>           By:     *Brett Klein*
>                    _____
>                    BRETT H. KLEIN

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LAKEISHA WALKER and OTTE ARMSTRONG,

                                Plaintiffs,

                                                        Docket No.

        -against-

TOWN OF GREENBURGH, D. JAKASAL, Individually,
E.M. OLSON, Individually, D.A. VALENTINE, Individually,
D.P. OMALLEY, Individually, I. YUAN, Individually,
M.T. PACINO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132