UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LAKEISHA WALKER and OTTE ARMSTRONG,   **STIPULATION AND ORDER OF CONFIDENTIALITY**

                          Plaintiffs,

  -against-   19 CV 10576 (CS)

TOWN OF GREENBURGH, D. JAKASAL, Individually,
E.M. OLSEN, Individually D.A. VALENTINE, Individually,
D.A. O'MALLEY, Individually, I. YUAN, Individually,
M.T. PACINO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious as the true names are presently unknown),

                          Defendants.

-----------------------------------------------------------------------X

    **WHEREAS,** the parties are engaged in discovery in the above-captioned action which may result in the production and the exchange among the parties of documents, materials and/or other information that may contain personal, sensitive and confidential information regarding the parties and/or those who are not parties to the litigation; and

    **WHEREAS,** the parties seek to ensure that the confidentiality of these documents and information remains protected; and

    **WHEREAS,** good cause therefor exists for the entry of an Order pursuant to *Rule* 26 (c) of the Federal Rules of Civil Procedure; therefore

    **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the parties herein as follows:

    1.    "Confidential Information" shall mean documents and information that are Bate Stamped _977-1340_, or which during the course of this litigation are designated as "CONFIDENTIAL"

1

by either party or determined by the Court to be "confidential." "Confidential Information" is to be provided in discovery and, once exchanged, be available to be viewed only by the attorneys representing the parties in this litigation (for "attorney's eyes only") who shall not disclose the "Confidential Information" to anyone else.

2. The parties shall designate in good faith particular documents or any part thereof as "Confidential Information" by labeling (i.e. stamping or marking) such documents "CONFIDENTIAL" and by designating such documents by Bates number in writing and directed to counsel for the non-disclosing party.

3. Removal from the documents and the information contained therein of the designation "Confidential Information," and the loss of its protection from public disclosure of documents, shall be only if

(A) The parties agree, in writing, that the designation "Confidential" be removed;

(B) Upon submission to the Court of a dispute between the parties that the designation of "Confidential Information" should be removed, the Court determines that a document (s) should be made available to the general public; or

(C) The Town of Greenburgh makes such document (s) available to the general public pursuant to the Public Officers Law.

4. The parties shall have a reasonable time in which to inspect and designate as "Confidential Information" documents sought by subpoena from third parties, and such documents, if produced to the requesting party, shall be treated as "Confidential Information" during such reasonable period of time. The parties have the right to designate any documents as "Confidential Information" during such reasonable period. The parties have the right to designate any documents as "Confidential Information" pursuant to this agreement if necessary after

2

production of such documents.

5. A disclosing party may designate deposition exhibits or portions of deposition transcripts as "Confidential Information" either by: (a) indicating on the record during the deposition that a question relates to "Confidential Information" in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition is concluded of the specific page and lines of the transcript that are to be designated "Confidential Information" in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the disclosing party.

6. If a party objects to the designation of particular documents or information as "Confidential Information," counsel for such party shall state such objection in writing within fourteen (14) days of the receipt of such designated document or information, and the parties shall endeavor in good faith to resolve the objection. If such objection cannot be resolved, then the objecting party shall, within thirty (30) days of raising the objection, submit such dispute to the Court for determination. The parties agree to maintain the materials that are the subject of the objection as "Confidential Information" until such time as a ruling is obtained from the Court and time for appeal of such ruling has been exhausted or any appeal has been finally resolved.

7. Nothing in this Order shall preclude any party or its representative from discussing with other persons the progress, theories, or legal strategies applicable in this action, as long as the contents of the "Confidential Information" are not disclosed. Other than by court order, "Confidential Information" may be disclosed only in accordance with this Order.

3

8. "Confidential Information" within the meaning of this Order shall be used or disclosed solely in this action and in accordance with the provisions of this Order, and "Confidential Information" shall not be used in any other litigation, for any other purpose, or disclosed to any person or entity who is not expressly authorized to review same under the terms and conditions of this Order, without consent of the parties, or an order of the Court. The limitation of disclosure of "Confidential Information" applies to all parties and their counsel in this matter.

9. In the event that a conflict arises between the parties as to whether "Confidential Information" may be shown to any individual under the terms of this Order, the "Confidential Information" will not be shown to that individual until such time as the parties can obtain a ruling from the Court on the issue.

10. "Confidential Information" may be disclosed to the Court in connection with any filing or proceeding in this action, but the disclosing party shall cause the "Confidential Information" to be filed under seal, to the extent that the Court will accept it as such. The party filing any such "Confidential Information" shall advise the Court in writing and contemporaneously with the filing that the papers to be or filed constitute "Confidential Information" subject to this Order, and request the Court to dispose of the same in a manner consistent with the protections afforded by this Order. The "Confidential Information" will remain under seal unless and until the Court directs otherwise. Notwithstanding any other provision of this Order, legal counsel shall not disclose oral and written communications between them, but shall be permitted to file such documents on ECF with all "Confidential Information" properly redacted.

11. Sealed records which have been filed with the clerk of the court shall be

4

removed by that party submitting them (a) within ninety (90) days after the final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this Order shall be notified by the Clerk of the Court that, should they fail to remove the sealed records within thirty days, the clerk may dispose of them.

12. This Order shall survive the termination of this action and shall continue in full force and effect.

13. This Order does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of this Court. Any such additional information or material designated by the Court as protected shall be treated as confidential pursuant to the terms of this Order.

14. The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the court reserves the right, in its sole discretion, to modify the terms of this Order.

Dated: November 17, 2020

_____ 11/18/20
Richard L. Marasse, Esq.
Greenburgh Deputy Town Attorney
177 Hillside Avenue
Greenburgh, NY 10607
(914) 989-1615

_____ 11/17/20
Thomas J. Troetti, Esq.
Attorney for Defendants
D. Jakasal, Ed Olson,
D.A. Valentine, D.A. O'Malley
Carl Yuan, M. Pacino
305 Old Tarrytown Rd.
White Plains, NY 10603
(914) 484-5642

*Brett Klein*
_____
Brett H. Klein, Esq.
BRETT H. KLEIN, ESQ. PLLC
Attorney for Plaintiffs
305 Broadway, Suite 600
New York, NY 10007
(212) 335-132

**SO ORDERED:** *Cathy Seibel*
_____
CATHY SEIBEL, United States District Judge        11/18/20

6